[No. 20898. Department One. February 24, 1928.]

SOLOMON VALLEY DREDGING COMPANY, *Appellant*, v.
STEPHEN BERG, *Respondent*.[1]

[1] APPEAL (426)—REVIEW—HARMLESS ERROR—NOT AFFECTING RE-
SULT. Error in denying a trial by jury cannot be assigned for
reversal, where the case was correctly dismissed for insuffi-
ciency of the evidence to sustain the action in any event.

[2] CORPORATIONS (32, 67)—SUBSCRIPTION TO STOCK—CONTRACT—
TRANSFER—LIABILITY OF TRANSFEREE ON UNPAID STOCK SUBSCRIP-
TION. There is no liability for a "stock subscription" by one
who purchased treasury stock donated to the company by the
sole subscriber to whom all the stock was originally issued in
return for mining property.

Appeal from a judgment of the superior court for
King county, Kinne, J., entered May 20, 1927, upon
findings in favor of the defendant, dismissing an action
upon a subscription to corporate stock. Affirmed.

*H. E. Foster*, for appellant.

*Byers & Byers* and *James A. Dougan*, for respondent.

PARKER, J.—The plaintiff dredging company com-
menced this action in the superior court for King
county seeking recovery of the sum of $4,000 from the
defendant Berg, as an indebtedness owing by him to it
upon his alleged subscription for forty shares, of the
par value of $100 each, of its capital stock; alleging
such subscription as having been made by him and the
whole thereof as being unpaid. The defendant ans-
wered denying the making of any such subscription and
all liability therefor. The defendant further, by way
of cross-complaint seeking affirmative relief, set up
an alleged sale to him by the plaintiff of shares of its
treasury stock long after its organization, which stock

[1]Reported in 264 Pac. 421.

had been returned to it by its promoters after all of its stock had been subscribed and paid for by its promoters, and prayed for affirmative relief against the plaintiff in the nature of equitable relief and the return to him of the purchase price paid by him for such stock; all upon the ground of fraud on the part of plaintiff and its promoters inducing him to purchase such stock.

Counsel for plaintiff demanded a jury trial. Counsel for defendant resisted that demand. The trial judge, being of the opinion that, viewing all of the issues presented by the proceedings, the case became one of equitable cognizance, overruled plaintiff's demand for a jury trial and proceeded accordingly.

At the close of the evidence introduced in behalf of the plaintiff, counsel for the defendant challenged the sufficiency of the evidence to sustain any recovery by the plaintiff and moved the dismissal of its complaint. The trial judge announced the granting of that motion. Thereupon counsel for defendant moved for a voluntary nonsuit and dismissal of his counterclaim, and the trial judge announced the granting of that motion. Thereupon formal judgment was entered accordingly. From this disposition of the case in the superior court, the plaintiff has appealed to this court.

[1] It is contended in behalf of appellant that the trial court erred to its prejudice in denying to it a trial by jury; the argument being that its action, being one at law for the recovery of a simple indebtedness, could not be converted into a suit in equity by respondent's claimed equitable counterclaim. We do not find it necessary to here decide the question of appellant's right to a trial by jury, with the issues in the form appearing by the pleadings at the commencement of the trial, because we are convinced that the judgment of dismissal of appellant's complaint was the disposition

of the case which respondent was entitled to, as a matter of law, at the close of appellant's evidence; that is, had the trial of the case then been proceeding before a jury, the trial court would, upon the motions made by counsel for respondent, have been required, as a matter of law, to so dispose of the case.

[2] Counsel for appellant, at all times, has strenuously insisted that its action was upon respondent's subscription for 400 shares of its capital stock, and not upon an indebtedness owing to it from him for purchase of its treasury stock which may have been, prior thereto, originally subscribed and paid for. Appellant was incorporated under the laws of this state in March, 1924. Its principal purpose seems to be the development and working of placer mining ground in Alaska. It seems not to be a strictly mining corporation, as is evidenced by the recital of other objects in its articles of incorporation. However, soon after the filing of its articles of incorporation, its three incorporators subscribed in writing for all of its capital stock; that is, William Neilsen, Sr., subscribed for 998 shares, William A. Neilsen, Jr., subscribed for one share, and Annette Neilsen subscribed for one share. The shares of stock subscribed for by William Neilsen, Sr., were seemingly paid for in full by him by the transfer to the company of certain supposed valuable placer mining ground in Alaska. He returned to the treasury of the company, or left with the company, that is, in effect, donated to the company, nearly one-half of the stock so subscribed for by him, for the purpose of being sold for the benefit of the company to finance the development of its enterprise. At all events, there is not a particle of evidence that anyone, other than these three incorporators of the company, ever subscribed for any of the shares of the stock of the company, or

that respondent ever subscribed for, or had anyone subscribe for, any of the shares of the stock for him.

There is some evidence in the record tending to show that, approximately one year after the organization of the company and the subscription for all of its stock by its incorporators, as above noticed, respondent purchased from the company some of its treasury stock; that is, stock which had been returned to its treasury by William Neilsen, Sr., but to what extent such stock was paid for by respondent or how much, if anything, he still owes for such purchase, is of no consequence in our present inquiry. That inquiry went out of the case upon its disposition by the trial court in the manner above noticed. The fact remains, as conclusively shown by this record, that respondent never subscribed for any of the capital stock of the company or in any manner ever became liable for any such subscription. We are of the opinion that, since the disposition of the case by the trial court was such as respondent was entitled to as a matter of law, the judgment must be affirmed. It is so ordered.

MITCHELL, TOLMAN, and FRENCH, JJ., concur.